**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PERFUMANIA, INCORPORATED, ) ) Plaintiff, ) ) v. ) ) FASHION OUTLET OF LAS VEGAS, LLC, ) ) Defendant. ) ) | 2:05-cv-00054-ECR-LRL **O R D E R** |

This case comes before the court on Fashion's Motion in Limine and for Sanctions (#73). The court has considered the motion and Perfumania's Opposition and Request for Attorneys' Fees (#81). Fashion did not file a reply.

Fashion seeks an order *in limine* precluding Perfumania from making evidentiary use of the 845 pages or more of documents that Perfumania allegedly failed to produce when it made its Rule 26(a)(1)(B) initial disclosures on May 20, 2005. On September 28, 2005, Fashion served its first set of requests for production of documents. The requests called for documents relevant to key issues involved in this litigation. Perfumania responded to the requests on November 11, 2005. According to Fashion, Perfumania "identified no documents in its responses[; and] ... did not attach any documents to its responses." Motion (#73) at 6. In short, Fashion alleges that Perfumania has wrongfully withheld from its initial disclosures and its responses to Fashion's requests for production of documents hundreds of pages of documents, including the trial exhibits identified in the Joint Pretrial Order. Therefore, according to Fashion, Perfumania should be precluded from offering any of the withheld documents into evidence.

Perfumania denies that it has wrongfully withheld documents or otherwise failed to meet its

1  discovery obligations. It contends that its responses to Fashion's document requests fully complied with
2  Rule 34, which imposes on the responding party the following obligation:
3   The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in
4   which event the reasons for the objections shall be stated.
5  Except for two of Fashion's requests, Perfumania's response to each of the document requests contained
6  certain objections, coupled with the following statement:
7   Without waiver of the General and Specific Objections Perfumania asserts or may assert in the future, Perfumania is willing to produce such non-privileged documents that it
8   believes are responsive to request for production number [request number], to the extent they exist, and are in the possession, custody and control of Perfumania.
9
10  In the "General Objections and Responses" section of Perfumania's response to Fashion's requests,
11  Perfumania stated:
12   A statement that Perfumania is ready to immediately produce documents responsive to the Request means that Perfumania will produce responsive documents located within
13   its possession, custody, and control, at the offices of Perfumania's counsel or where said documents may be located presently, and at a time mutually convenient for the parties
14   and their respective counsel. Alternatively, at Defendant's counsel's request, copies of the responsive documents will be provided at Defendant's sole costs and expense.
15
16  Perfumania alleges that in response to the above offer to either allow inspection or provide copies of
17  the requested documents at Fashion's expense, Fashion never contacted Perfumania to arrange a time
18  to inspect the requested documents or request that Perfumania make copies of the documents. Fashion
19  did not file a reply to Perfumania's Opposition (#81). Therefore, Perfumania's factual representations
20  are unchallenged. The court therefore finds that Fashion has taken no steps to inspect or copy the
21  documents it now requests.
22       Discovery in this case closed a year ago. Since that time a summary judgment motion has been
23  filed, briefed and decided. The Joint Pretrial Order was filed on July 7, 2006. At no time during the
24  past year did Fashion file a motion to compel production of the documents it now claims were
25  improperly withheld. Instead it waited until September 25, 2006 to file a motion *in limine* seeking the
26  extreme sanction of precluding Perfumania from offering as evidence any of the documents that

Perfumania offered to make available in November, 2005. Fashion will not be heard to blame Perfumania for Fashion's own lack of diligence in obtaining the discovery Fashion needs in order to defend itself. Fashion's motion is utterly without merit.

IT IS THEREFORE ORDERED that Fashion's Motion in Limine and for Sanctions (#73) is denied in its entirety.

IT IS FURTHER ORDERED that Perfumania's Request for Attorney's Fees (#81) is granted. Fashion shall forthwith pay to counsel for Perfumania the sum of $1,200.00 as the reasonable attorneys' fees incurred in opposing Perfumania's motion.

DATED this 24th day of October, 2006.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**